**Udham SINGH, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–73919.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2008.*

Filed Jan. 22, 2008.

Martin A. Robles, Esq., Law Offices of Martin Resendez Guajardo, a Professional Corporation, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Aviva L. Poczter, Esq., Stephen Elliott, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

MEMORANDUM **

Udham Singh, a native and citizen of India, petitions for review of the order of the Board of Immigration Appeals ("BIA") that affirmed the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *see Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004), and we deny the petition for review.

Substantial evidence supports the IJ's and BIA's adverse credibility determination based upon inconsistencies between Singh's testimony, asylum application, and supporting documents regarding the whereabouts of his father following his father's release from police custody in 1999. The finding goes to the heart of Singh's asylum claim, which is based upon his fear of persecution by the Indian government on account of the political activities of his father and uncle. *See id.* at 963.

We dismiss Singh's contention that alleged errors in interpretation violated his due process rights, because Singh failed to exhaust this contention before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

To the extent Singh raises a due process challenge to the IJ's consideration of the asylum officer's Assessment to Refer and interview notes, we conclude that Singh was not prejudiced, because the IJ's adverse credibility finding is supported on other grounds. *See Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000) (noting that petitioner seeking reversal on due process grounds must show that the outcome of the proceeding was affected by the alleged violation).

Because Singh failed to meet his burden for asylum, he necessarily did not satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Substantial evidence also supports the IJ's finding that Singh failed to credibly establish that he is eligible for relief under the CAT. *See Farah v. Ashcroft,* 348 F.3d 1153, 1157 (9th Cir.2003).

**PETITION DENIED.**